WILLIAM G. DELLINGER, Petitioner v. CITY OF CHARLOTTE, a Municipal Corporation; THE CHARLOTTE-MECKLENBURG PLANNING COMMISSION; MARTIN R. CRAMPTON, JR., ANNE J. McCLURE, SARA SPENCER and JOHN H. TABOR, Respondents

No. 9326SC541

(Filed 5 April 1994)

**Municipal Corporations § 30.10 (NCI3d)— disapproval of subdivision site plan—requirement of right-of-way reservation—planning commission's failure to follow subdivision ordinance**

Respondent planning commission's denial of petitioner's subdivision site plan for an apartment complex was not supported by substantial evidence where the site plan was disapproved because it failed to reserve a right-of-way for a proposed thoroughfare, but the planning commission and its staff failed to follow procedures in the subdivision ordinance by requiring reservation of the right-of-way without finding (1) that the reservation does not result in the deprivation

DELLINGER v. CITY OF CHARLOTTE

[114 N.C. App. 146 (1994)]

of a reasonable use of the original tract, and (2) that the reservation is either reasonably related to the traffic generated by the proposed subdivision or use of the remaining land, or the impact of the reservation is mitigated by measures provided in the ordinance. N.C.G.S. § 160A-372.

**Am Jur 2d, Zoning and Planning §§ 32, 564.**

**Validity and construction of regulations as to subdivision maps or plats. 11 ALR2d 524.**

Appeal by respondents from order and judgment signed 29 March 1993 in Mecklenburg County Superior Court by Judge Forrest A. Ferrell. Heard in the Court of Appeals 2 March 1994.

Petitioner is the record owner of 15.39 acres of undeveloped land in Mecklenburg County. The property is bounded by Sugar Creek Road on the west and Mallard Creek Road on the east. Nevins Road runs west and meets Sugar Creek Road at a right angle. On 7 February 1992, petitioner submitted an application and site plan for multi-family development of the property to the Charlotte-Mecklenburg Planning Commission staff (hereinafter the planning staff). Petitioner's proposed development, Derita Apartments, consists of 240 one and two-bedroom units in 15 buildings on 14.51 acres of the property. Petitioner's plan proposes no new public streets but relies on private driveways to manage traffic within the development. Petitioner's plan contains one entrance from Sugar Creek Road and one entrance from Mallard Creek Road.

The Charlotte-Mecklenburg Thoroughfare Plan, adopted in 1988, shows Nevins Road Extension connecting Nevins Road to Mallard Creek Road and crossing petitioner's property lengthwise. Nevins Road Extension is classified as a class IV minor arterial thoroughfare. If property to be developed lies in the path of a minor thoroughfare, Charlotte subdivision ordinances require the owner to dedicate a right-of-way 70 feet in width and setback the buildings 40 feet from both sides of the road. Dedication of a right-of-way 70 feet wide would cover 2.43 acres of petitioner's property, and the setback requirement would take another 2.55 acres of the property. The site plan submitted by petitioner would place nine of the fifteen buildings directly in the path of the Nevins Road Extension.

On 24 March 1992, the planning staff denied petitioner's application because the proposed site plan failed to comply with

Charlotte Zoning Ordinance § 9.303(19)(c) and the Charlotte-Mecklenburg Thoroughfare Plan. The planning staff further concluded that petitioner's plan failed to meet the requirements of G.S. §§ 136-66.2 and 160A-372. Petitioner appealed the decision of the planning staff to the Charlotte-Mecklenburg Planning Commission on the grounds that a dedication of a right-of-way 70 feet in width deprived petitioner of a reasonable use of the property, constituted a taking without compensation, and was unnecessary to serve the traffic generated by the development. A three-member committee of the Charlotte-Mecklenburg Planning Commission (hereinafter the Commission) conducted a quasi-judicial hearing at which both petitioner and the planning staff were represented by counsel. The Commission considered oral arguments, heard from eight witnesses, and accepted 43 exhibits. The Commission addressed three issues: (1) whether the planning staff erred in applying the city's zoning and subdivision ordinances; (2) whether the planning staff denied petitioner's site plan because he failed to meet the requirement of a compulsory dedication of a 70-foot right-of-way; and (3) whether petitioner was deprived of a reasonable use of the tract. On 27 July 1992, the Commission made findings of fact and conclusions of law and affirmed the planning staff's denial of petitioner's application. On 3 September 1992, petitioner filed a petition for writ of certiorari with the superior court. Judge Marvin K. Gray issued a writ of certiorari. On 29 March 1993, Judge Ferrell entered judgment reversing the decision of the Charlotte-Mecklenburg Planning Commission. Respondent appeals.

*Horack, Talley, Pharr & Lowndes, P.A., by Neil C. Williams, for petitioner-appellee.*

*Office of the City Attorney, by Senior Assistant City Attorney David M. Smith, for respondents-appellants.*

WELLS, Judge.

In reviewing the errors raised by petitioner's writ of certiorari, the question before the trial court, which sits as a court of appellate review, was whether the decision of the Charlotte-Mecklenburg Planning Commission was based upon findings of fact which were supported by competent evidence and whether such findings supported its conclusions. *Batch v. Town of Chapel Hill*, 326 N.C. 1, 387 S.E.2d 655, *cert. denied*, 496 U.S. 931, 110 L.Ed.2d 651 (1990). So long as the Commission's decision is supported by substantial

evidence in the record and is not arbitrary, the Commission's decision must be affirmed. *Godfrey v. Zoning Bd. of Adjustment*, 317 N.C. 51, 344 S.E.2d 272 (1986).

On the issue of whether the planning staff erred in applying the city's zoning and subdivision ordinances, the Commission concluded that petitioner's site plan failed to give "consideration to the adopted Thoroughfare Plan and ordinance regulations pertaining to the extension of an existing street, traffic circulation needs, and anticipated traffic volumes, but petitioner submitted a site plan that had objectives completely in opposition to the adopted Thoroughfare Plan." On the issue of whether the planning staff denied petitioner's site plan because he failed to meet the requirement of a compulsory dedication of a 70-foot right-of-way, the Commission concluded that the planning staff denied petitioner's site plan because the site plan ignored the adopted Thoroughfare Plan, Charlotte Zoning Ordinance § 9.303(19)(c), and Charlotte Subdivision Ordinance § 6.200(1) and (3). On the issue of whether petitioner was deprived of a reasonable use of the tract, the Commission concluded that there was more than one possible alignment of the right-of-way and that petitioner could benefit by applying for a number of variances. Based on its findings of fact and conclusions, the Commission determined that the planning staff did not erroneously apply the zoning and subdivision ordinances and properly denied petitioner's site plan.

On writ of certiorari to the superior court, Judge Ferrell entered the following judgment:

The Court is of the opinion that this matter is ripe for adjudication and that the decision of the Committee of the Charlotte-Mecklenburg Planning Commission is not supported by substantial evidence in the whole record, constitutes a taking of Petitioner's property without compensation in violation of Article 1, § 19, of the North Carolina Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, and exceeds the Respondents' statutory authority.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Committee's decision to deny Petitioner's final site plan is reversed and this cause is remanded to the Committee of the Charlotte-Mecklenburg Planning Commission for the entry of an order approving Petitioner's concept for a multifamily project utilizing a private drives/parking lot design so

long as the multi-family project with the private drives/parking lot design meets the minimum standards of the City Code.

Respondents argue that the trial court erred in reversing the Commission's decision to deny petitioner's site plan because substantial evidence in the record supports the Commission's findings and conclusions. We disagree.

Pursuant to G.S. § 160A-372, a subdivision control ordinance may provide for the dedication of rights-of-way. Section 136-66.10, entitled "Dedication of right-of-way under local ordinances," provides in pertinent part:

(a) Whenever a tract of land located within the territorial jurisdiction of a city or county's zoning or subdivision control ordinance or any other land use control ordinance authorized by local act is proposed for subdivision or for use pursuant to a zoning or building permit, and a portion of it is embraced within a corridor for a street or highway on a plan established and adopted pursuant to G.S. § 136-66.2, a city or county zoning or subdivision ordinance may provide for the dedication of right-of-way within that corridor pursuant to any applicable legal authority, or:

(1) A city or county may require an applicant for subdivision plat approval or for a special use permit, conditional use permit, or special exception, or for any other permission pursuant to a land use control ordinance authorized by local act to dedicate for street or highway purpose, the right-of-way within such corridor if the city or county allows the applicant to transfer density credits attributable to the dedicated right-of-way to contiguous land owned by the applicant. No dedication of right-of-way shall be required pursuant to this subdivision unless the board or agency granting final subdivision plat approval or the special use permit, conditional use permit, special exception, or permission shall find, prior to the grant, that the dedication does not result in the deprivation of a reasonable use of the original tract and that the dedication is either reasonably related to the traffic generated by the proposed subdivision or use of the remaining land or the impact of the dedication is mitigated by measures provided in the local ordinance.

## DELLINGER v. CITY OF CHARLOTTE

[114 N.C. App. 146 (1994)]

The planning staff and the Commission based their denials of petitioner's site plan in part on Charlotte Zoning Ordinance § 9.303(19) which provides in pertinent part:

(a) The site plan must be designed giving adequate consideration to the following factors:

(i) The size and shape of the tract.

(ii) The topography and necessary grading.

(iii) The reasonable preservation of the natural features of the land and vegetation.

(iv) The size and relationship of buildings.

(v) The character of/or relationship to adjoining properties.

. . .

(c) All portions of every residential building will be located within 400 feet of a public street or private street which furnishes direct access to a residential building. Determination of whether interior roads will be public streets or private streets, or a combination of public streets and private streets will be made by the Planning Director in consultation with the Charlotte Department of Transportation and Engineering Department. In reaching that decision, consideration should be given to the following:

(i) Adopted major thoroughfare plan;

(ii) Existing and proposed neighborhood streets and circulation needs;

(iii) The relationship of the site to adjoining lands;

(iv) The size and shape of the tract to be developed;

(v) The number of dwelling units to ultimately be constructed on the tract and on adjoining lands; and

(vi) Anticipated traffic volumes.

The determination of whether interior roads will be public or private will consider only the minimum needs of the public for public streets and will recognize the privacy, security and safety advantages of private streets;

The requirement that petitioner dedicate a right-of-way is contained in Charlotte Subdivision Ordinance § 8.110 which provides in pertinent part:

> Class IV (Minor Arterial) Right-of-way—Developer is responsible for the dedication of up to 70 feet (35 feet each side of the centerline) . . . .
>
>                                     . . .
>
> No dedication or reservation of right-of-way for a street or highway within a corridor for a street or highway on a plan established and adopted pursuant to N.C.G.S. 136-66.2 for a street or highway that is included in the Department of Transportation's "Transportation Improvement Program" will be required by the provisions of this ordinance unless and until the planning staff has determined and certified in writing (1) that the dedication or reservation does not result in the deprivation of a reasonable use of the original tract and (2) that the dedication or reservation is either reasonably related to the traffic generated by the proposed subdivision or use of the remaining land, or the impact of the dedication or reservation is mitigated by measures provided in this Ordinance. For these purposes the term "original tract" will mean all contiguous land owned by the applicant. The ability of the applicant to transfer density credits attributable to the dedicated right-of-way to contiguous land owned by the applicant is deemed to be a measure which mitigates the impact of the dedication or reservation.

G.S. § 160A-372 clearly authorizes a city "to require a developer to take future as well as present road development into account when designing a subdivision" and such a requirement "is not necessarily tantamount to compulsory dedication. Rather, such a requirement might legitimately compel a developer to anticipate planned road development in some logical manner when designing a proposed subdivision." *Batch, supra.* Although relied upon by the planning staff and the Commission in denying petitioner's site plan, Charlotte Zoning Ordinance § 9.303(19) does not require petitioner to dedicate a right-of-way. Section (a) of § 9.303(19) addresses the considerations a developer must give when designing a site plan but does not list the Thoroughfare Plan as one. Section (c) addresses the considerations the Planning Director, the Charlotte Department of Transportation, and the Engineering Department

DELLINGER v. CITY OF CHARLOTTE

[114 N.C. App. 146 (1994)]

should make when determining whether roads will be public or private and lists the Thoroughfare Plan as one consideration. This provision does not require a developer to dedicate a right-of-way. Charlotte Subdivision Ordinance § 8.110 is the provision requiring a developer to dedicate a right-of-way up to 70 feet wide. This requirement is not without limitation however. G.S. § 136-66.10 (ratified and effective on 7 August 1987 and not applicable in *Batch*) and Subdivision Ordinance § 8.110 limit the exercise of such authority by prohibiting dedication unless the Commission's planning staff finds that the dedication does not result in the deprivation of a reasonable use of the original tract and that the dedication is either reasonably related to the traffic generated by the proposed subdivision or use of the remaining land or the impact of the dedication is mitigated by measures provided in the local ordinance.

The planning staff's review comments, which accompanied a letter from Mr. Keith H. MacVean, site plan administrator for the Charlotte-Mecklenburg Planning Commission, denying approval of petitioner's site plan, were as follows:

Denial of Proposed, Partial Private Drive/Parking Lot Pursuant to Code § 9.303(19)(c)

Code § 9.303(19)(c), which pertains to a planned multi-family development, requires that every residential building will be located within 400 feet of a street, public or private. Code § 9.303(c) further provides that the planning director in consultation with the Charlotte Department of Transportation and Charlotte Engineering Department shall determine whether the street shall be public or private or a combination of both.

Three (3) of the six (6) standards stated in Code § 9.303(19)(c) are applicable to the Derita Apartments' Site Plan:

(1) the adopted Thoroughfare Plan ("Plan"),

(2) the existing and proposed neighborhood streets and circulation needs, and

(3) the anticipated traffic volumes.

After consultation with the City's Engineering Department and the City's Department of Transportation, the following findings have been made about the existing neighborhood streets and the Plan:

(1) Presently, to travel from Nevin[s] Road to Mallard Creek Road requires the driver to turn right off of Nevin[s] Road onto Sugar Creek Road and, then, to turn left off of Sugar Creek Road to Mallard Creek Road.

(2) The Plan designates Nevin[s] Road and the connection to Mallard Creek Road ("Nevin[s] Road Extension") as minor thoroughfares.

(3) The Plan requires a direct, route connection from Nevin[s] Road to Mallard Creek Road which would allow for a direct flow of traffic.

(4) The Plan shows that Auten Road, Griers Grove Road, Cindy Lane, and the Cindy Lane Extension are to connect to Nevin[s] Road and the Nevin[s] Road Extension to provide a direct thoroughfare route from Brookshire Boulevard (NC 16) to Mallard Creek Road (Major Thoroughfare).

(5) The Plan shows that this thoroughfare is approximately 2.5 miles north of Interstate 85 and is the only thoroughfare in this corridor that parallels Interstate 85 and connects Brookshire Boulevard (NC 16) with the planned outerbelt (I-485) over a distance of approximately 22.5 miles.

(6) The Plan shows that the existing Mallard Creek/Sugar Creek intersection will be eliminated and, located further south of Nevin[s] Road, there shall be a new, direct connection between Mallard Creek Road and Graham Street.

The proposed site plan street fails to comply with the standards of § 9.303(19)(c) and with the Plan:

(1) The site plan shows approximately one-third (1/3) of a private drive, off of Nevin[s] Road, then, approximately one-third (1/3) for a parking lot area and a final, approximately one-third (1/3) private drive connecting to Mallard Creek Road.

(2) The two (2) private drive segments allow off-street parking immediately off of them and would result in vehicles backing into the two drives impeding traffic.

(3) The speed limit for the private drives would be approximately fifteen (15) miles an hour and probably about ten (10) miles per hour through the parking lot, while the proposed

minor thoroughfare right-of-way would have a posted speed limit of approximately thirty-five (35) miles per hour.

(4) The proposed private drives/parking lot will perpetuate the circuitous vehicular pattern, requiring traffic from Nevin[s] Road to turn right off of Nevin[s] Road onto Sugar Creek Road and, then, left off of Sugar Creek Road in order to get onto Mallard Creek Road.

(5) The proposed private drives/parking lot will not allow for a direct connection between Nevin[s] Road and Mallard Creek Road as shown on the Plan.

(6) The private drives/parking lot will not create a circumferential right-of-way as shown on the Plan.

(7) When the present Mallard Creek Road connection to Sugar Creek Road is moved further south from Nevin[s] Road to connect to Graham Street, then circulation from Nevin[s] Road to Mallard Creek Road will be worsened by the applicant's proposed private drives/parking lot.

Based on the findings stated above, the applicant's proposed private drives/parking lot does not meet the standards of Code § 9.303(19)(c) nor the Thoroughfare Plan.

Further, the private drives/parking lot does not meet the requirements of N.C.G.S. § 136-66.2 which authorizes the City to adopt a comprehensive plan based on anticipated vehicular traffic taking into consideration patterns of land development in providing for the safe and effective use of streets. The private drives/parking lot is not consistent with N.C.G.S. § 160A-372 which gives the City the authority under the Subdivision Ordinance to provide for the orderly growth and development of the City and to take into consideration the distribution of traffic in a manner that will avoid congestion and will create conditions essential to public safety and the general welfare.

The foregoing comments clearly reveal that the Commission's planning staff failed to comply with the requirements of Charlotte Subdivision Ordinance § 8.110. In light of this failure, the Commission exceeded its authority in affirming the decision of the planning staff. Because the planning staff failed to follow the procedures specified by Subdivision Ordinance § 8.110, we hold that the evidence

before the Commission did not support its decision to deny approval of petitioner's site plan. *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 265 S.E.2d 379, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980) (holding that the task of a court reviewing a decision on the application for a conditional use permit included reviewing the record for errors of law and insuring that procedures specified by statute and ordinance were followed). Therefore, Judge Ferrell properly determined that the Commission's decision was not supported by substantial evidence.

Accordingly, the judgment appealed from is

Affirmed.

Judges ORR and WYNN concur.